# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Harry Lee Boggs, Jr.,

    Petitioner

    v.

Judge Ellsworth, *et al.*,

    Respondents

Case No.: 2:20-cv-01733-JAD-DJA

**Order Dismissing Action**

This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2241, initiated September 18, 2020, by Harry Lee Boggs, Jr., who is incarcerated at the Clark County Detention Center. I summarily dismiss this action because Boggs has not paid the filing fee or applied to proceed *in forma pauperis*,[1] because he has not exhausted available state judicial remedies, and because his petition is barred by the *Younger* abstention doctrine.

Boggs states that he has pled guilty in Nevada's Eighth Judicial District Court to the crime of attempting to obtain property under false pretenses and is awaiting sentencing.[2] He claims that he has been the victim of a malicious prosecution, that police reports were falsified, that there was an illegal search and seizure, that he was interrogated without receiving *Miranda*[3] warnings, that his plea was coerced, and that he is a victim of a miscarriage of justice.[4] He seeks release from the Clark County Detention Center and return of his property.[5]

---

[1] *See* ECF No. 1.

[2] *See* ECF No. 1.1 at 1–2, 6, 69–71.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] *See* ECF No. 1.1 at 1–9.

[5] *See id*. at 8.

The first reason that this court cannot grant the relief that Boggs seeks is that he has failed to exhaust his state remedies before pursuing this federal action. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."[6] The exhaustion requirement is based on the policy of federal-state comity and is intended to allow state courts the initial opportunity to correct constitutional violations.[7] To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and give that court the opportunity to address and resolve it.[8] Although 28 U.S.C. § 2241 does not explicitly require exhaustion, federal courts generally require, as a prudential matter, that habeas petitioners exhaust available administrative and judicial remedies before seeking relief under § 2241.[9] The exhaustion requirement is subject to waiver in § 2241 cases if pursuing available remedies would be futile.[10] Boggs's petition indicates that he has not exhausted his claims in state court. He has pled guilty and is awaiting sentencing, and he has not sought relief from the Nevada Court of Appeals or the Nevada Supreme Court.[11]

The second reason that Boggs's petition fails here is that he lacks the extraordinary circumstances necessary for this federal court to interfere in a state-court criminal prosecution. In *Younger v. Harris*,[12] the Supreme Court held that the principles of comity and federalism

---

[6] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).

[7] *See id*.

[8] *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

[9] *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004).

[10] *See Ward*, 678 F.3d at 1045.

[11] *See* ECF No. 1.1 at 1–2, 6, 69–71.

[12] 401 U.S. 37 (1971).

preclude federal courts from interfering with ongoing state criminal proceedings absent extraordinary circumstances.[13]  *Younger* abstention is appropriate when state-court criminal proceedings are ongoing, implicate important state interests, and provide an adequate opportunity to raise the defendant's claims.[14]

Boggs's petition reflects that his criminal case is ongoing; as a criminal case, it naturally implicates important state interests; and it provides adequate opportunity for Boggs to raise his constitutional claims. There is no indication of extraordinary circumstances—proven harassment or bad faith, or a showing that irreparable injury will occur[15]—requiring me to look past the *Younger* abstention doctrine.  I conclude that, under *Younger*, I must abstain from entertaining Boggs's habeas petition.

IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice, and the Clerk of the Court is directed to **ENTER JUDGMENT ACCORDINGLY**.  **A certificate of appealability is DENIED** because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to:**

- **ADD** Aaron D. Ford, Attorney General of the State of Nevada, to the docket for this case, as counsel for the Respondents; and

---

[13] *See Younger*, 401 U.S. at 45–46; *Brown v. Ahern*, 676 F.3d 899, 900–01 (9th Cir. 2012).

[14] *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331–32 (9th Cir. 1992).

[15] *See Brown*, 676 F.3d at 901.

- **SERVE** the Respondents with a copy of the habeas petition (ECF No. 1-1) and a copy of this order. Respondents need take no action with respect to this case.

Dated: October 22, 2020

_____
U.S. District Judge Jennifer A. Dorsey